# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
May 7, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JAY HANNAH,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0740** (BOR Appeal No. 2049149)
                          (Claim No. 2011010867)

**UNITED PARCEL SERVICE, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jay Hannah, by William B. Richardson Jr., his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. United Parcel Service, Inc., by Jeffrey B. Brannon, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 3, 2014, in which the Board affirmed a January 10, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges denied Mr. Hannah's request for attorney's fees incurred in obtaining a reversal of the claims administrator's November 14, 2011, decision which denied him temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On August 11, 2010, while Mr. Hannah was on his delivery route for United Parcel Service, Inc., he was accosted and his truck was hijacked by a man with a rifle. The gunman threatened Mr. Hannah's life and forced Mr. Hannah to drive him towards the police station. On the way to the police station the gunman saw a police cruiser parked at a gas station and forced Mr. Hannah to park the truck. The gunman then took the keys to the truck, stepped out of the passenger side door, and fired a shot at the ground. As the gunman was getting out of the truck,

1

Mr. Hannah was able to escape and hide behind a nearby store. The gunman was subsequently fatally shot by law enforcement.

Following the incident, Mr. Hannah began seeing a counselor, Richard E. Stanley, LPC, who diagnosed him with post-traumatic stress disorder resulting from the hijacking. Mr. Hannah was also treated by John Onestinghel III, M.D., who determined that he would be unable to work until March 7, 2011. Based on his post-traumatic stress disorder, Mr. Hannah filed an application for workers' compensation benefits. The claim was initially rejected by the claims administrator, but on October 5, 2011, the Board of Review held the claim compensable for post-traumatic stress disorder. Following this decision, on November 14, 2011, the claims administrator held Mr. Hannah's claim compensable on a no-lost time basis and closed it for temporary total disability benefits. The Office of Judges reversed the claims administrator's decision and granted Mr. Hannah temporary total disability benefits from August 11, 2010, until March 7, 2011. The Office of Judges' Order was based, in part, on the Board of Review's decision holding the claim compensable. On September 14, 2012, the Board of Review affirmed the Order of the Office of Judges. United Parcel Service, Inc., did not appeal the Board of Review's decision to this Court, and it became final.

Over a year later, on October 25, 2013, this Court issued a memorandum decision affirming the Board of Review's decision which held the claim compensable. *United Parcel Serv., Inc. v. Hannah*, No. 11-1527 (Oct. 25, 2013) (memorandum decision). Two months later, on December 20, 2013, Mr. Hannah, filed an application for attorney's fees and costs incurred in obtaining a reversal of the claims administrator's November 14, 2011, decision denying temporary total disability benefits. On January 10, 2014, the Office of Judges denied Mr. Hannah's request for attorney's fees and costs because it was not timely filed. Following this denial, Mr. Hannah submitted a request to the Office of Judges to have its Order reconsidered, but on March 7, 2014, the Office of Judges denied his motion for reconsideration of his request for attorney's fees. On July 3, 2014, the Board of Review affirmed the Office of Judges' January 10, 2014, Order, leading Mr. Hannah to appeal.[1]

In its January 10, 2014, Order, the Office of Judges denied Mr. Hannah's December 20, 2013, request for attorney's fees and costs incurred in obtaining a reversal of the claims administrator's November 14, 2011, decision because it was not filed within ninety days of the final decision of the final appeal outcome as required under West Virginia Code of State Rules § 93-1-19.2 (2008). The Office of Judges determined that the final decision of final appeal outcome occurred on September 14, 2012, when the Board of Review affirmed the Office of Judges' reversal of the claims administrator's denial of temporary total disability benefits. The Office of Judges determined that the Board of Review's decision was not appealed and became final. It found that Mr. Hannah's request, filed over a year after this decision, was not timely.

In denying Mr. Hannah's request to reconsider its prior denial of attorney's fees, the Office of Judges determined that this Court's decision in *United Parcel Service, Inc.*, only

---

[1] Mr. Hannah did not protest the Office of Judges' March 7, 2014, Order denying his motion to reconsider the denial of attorney's fees to the Board of Review, and the Order is not on appeal before this Court.

involved the compensability of the claim and was separate from the litigation of the claims administrator's November 14, 2011, temporary total disability benefits denial. The Office of Judges repeated its finding that the September 14, 2012, decision was the final decision of final appeal outcome. The Office of Judges found that Mr. Hannah's request for attorney's fees was not submitted within ninety days of the Board of Review's decision as required under West Virginia Code of State Rules § 93-1-19.2. The Board of Review adopted the findings of the January 10, 2014, Order of the Office of Judges and affirmed its conclusions.

On appeal, Mr. Hannah argues that the time limit for filing a request for attorney's fees and cost incurred in obtaining a reversal of the claims administrator's November 14, 2011, decision did not occur until October 25, 2011, when this Court issued its memorandum decision in *United Parcel Service, Inc.* Mr. Hannah argues that our decision regarding the compensability of the claim would have affected his award of temporary total disability benefits and therefore, would also have affected his request for attorney's fees and costs incurred in obtaining a reversal of the claims administrator's denial of his award of benefits.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges' January 10, 2014, Order. Mr. Hannah did not file his application in a timely manner under West Virginia Code of State Rules § 93-1-19.2. The final decision of final appeal outcome related to the claims administrator's November 14, 2011, denial of attorney's fees occurred on September 14, 2012, when the Board of Review affirmed the reversal of the claims administrator's decision. Mr. Hannah did not file his application for attorney's fees and costs until December 20, 2013, over a year after the date the reversal of the claims administrator's decision became final. His request was not filed within ninety days of the final decision, and the Office of Judges was justified in denying his request. Mr. Hannah's argument on appeal is not consistent with the language of West Virginia Code of State Rules § 93-1-19.2.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  May 7, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II